In the Matter of BUCK BARNES, Petitioner, v BRUCE RATNER, as Commissioner of Department of Consumer Affairs of City of New York, et al., Respondents. — Petition seeking annulment of an order of the Commissioner of the New York City Department of Consumer Affairs dated January 23, 1981 revoking petitioner's general vendor's license, unanimously granted and the determination annulled, on the law, the facts and in the exercise of discretion, without costs, and the commissioner is directed to reinstate petitioner's license. Section B32-505.0 of the Administrative Code of the City of New York provides that a general vendor's license *"may* be suspended or revoked by the commissioner upon notice and hearing" where the licensee has had four or more violations issued against him in a two-year period (emphasis supplied). Section 1404 of the Charter of the City of New York grants concurrent jurisdiction over street peddlers to the Environmental Control Board, and that agency is thus empowered to issue summonses which may then be the basis for suspension or license revocation by the Department of Consumer Affairs. On January 21, 1981 petitioner appeared at a consolidated hearing to contest the threatened revocation on the above grounds and to argue that his license should be renewed. Mr. Barnes produced an Environmental Control Board memorandum which adopted the Department of Consumer Affairs policy of dismissing all citations issued to vendors prior to December 1, 1980, if the violations had occurred in certain zoning districts which vendors had not previously been told were off limits. All of the 27 asserted violations by petitioner were issued before this date, and he testified that they all involved specified zones. The hearing officer, working from a skeletal computer printout, was unable to verify that the violations occurred in the particular zones. But rather than adjourn the hearing and obtain this information, the hearing officer arbitrarily ignored petitioner's completely sufficient defense and revoked his license. While we do not say that petitioner would have been entitled to a trial on the merits of each summons, having raised the department's own policy as a basis for dismissing the citations the burden was on the department to show that the summonses were valid. Administrative determinations must have some rational basis. (Cf. *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231.) Petitioner explained the department's own ruling to the hearing officer and showed that the dates of the alleged violations came within the dismissal policy. Once Mr. Barnes asserted that the citations were all within the specified zones, it was arbitrary and capricious to revoke the license without any shred of rebuttal to this assertion. (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 181.) Respondents' other contention, that petitioner failed to exhaust his administrative remedies, is vitiated by the testimony at the hearing that petitioner had been getting the "runaround" for several months in trying to resolve this matter. It was made clear to petitioner that an appeal through administrative channels, because of the sharing of authority by the two agencies, would be *pro forma,* at best. In any event, respondents waived this point by failing to plead it in their answer. Since petitioner has now been wrongfully deprived of his means of pursuing his livelihood for well over a year, we feel that a new hearing would be just as noxious as confirming the determination. Accordingly, we grant the petition in full, annul the order of revocation and direct respondents to renew petitioner's license upon a clean record. Concur — Carro, J. P., Markewich, Lupiano and Milonas, JJ.